IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAIAS TORRES MANDUJANO,

      Plaintiff,                              No. CIV S-07-1223 JAM EFB PS

     vs.

COUNTY OF BUTTE, et al.,                  ORDER TO SHOW CAUSE

      Defendants.

    Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to Local Rule 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On July 3, 2008, defendants filed a motion to dismiss for failure to prosecute, and in the alternative, for an order requiring plaintiff to pay sanctions and attend his deposition. Defendants set the motion for hearing on August 20, 2008.

    The opposition to the motion, or a statement of non-opposition thereto, was due fourteen days preceding the noticed hearing date. E.D. Cal. L. R. 78-230(c). Court records reflect that plaintiff has failed to file an opposition or a statement of non-opposition to the pending motion.

    Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 11-110; *see Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Additionally,

1

"[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed." E.D. Cal. L. R. 78-230(c).[1] Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir.1986).

Although the docket shows that at least one order served on the plaintiff has been returned as undeliverable, it is incumbent upon the parties to keep the court apprised of their current mailing addresses. *See* Local Rule 83-183(b) ("a party, appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address). That rule also provides that "[i]f mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." *Id.*

In accordance with the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause, in writing, within fifteen days from the date of service of this order, why sanctions should not be imposed for failure to file an opposition or a statement of non-opposition to the pending motion.

2. Plaintiff is also directed to file an opposition, or a statement of non-opposition, to the motion within fifteen days from the date of service of this order. Defendants' reply thereto, if any, shall be due five days thereafter. Failure to file an opposition or a statement of non-opposition will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

////

////

---

[1] Moreover, failure to appear at hearing may be deemed withdrawal of opposition to a motion or may result in sanctions. E.D. Cal. L. R. 78-230(j).

3. In accordance with the foregoing, the August 20, 2008, hearing is vacated. Pending plaintiff's response to this order, a hearing will be rescheduled if the court determines one is necessary.

DATED: August 7, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE