IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ISAIAS TORRES MANDULJANO,

        Plaintiff,                        No. CIV S-07-1223 JAM EFB PS

     vs.

COUNTY OF BUTTE, et al.,

        Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is proceeding pro se in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On August 7, 2008, this court ordered plaintiff to show cause in writing within fifteen days why he had not complied with E. D. Cal. L. R. 78-230(c) by timely filing an opposition or statement of non-opposition to defendants' motion to dismiss filed July 3, 2008, and further directed plaintiff to file such opposition or statement of non-opposition.

       The fifteen-day period has long expired, and plaintiff has not shown cause or otherwise responded to the court's order. It is reasonable to infer that plaintiff has abandoned this case. The basis for defendants' motion to dismiss, or, alternatively, imposition of monetary sanctions, is plaintiff's failure to appear at his deposition scheduled for June 9, 2008, and plaintiff's failure further to communicate with defense counsel despite their repeated attempts.

1

Federal Rule of Civil Procedure 41(b) allows dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . " *See also*, E. D. Cal. L. R. 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court"). Plaintiff's pro se status does not derogate this authority. "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." E. D. Cal. L. R. 83-183.

Dismissal, rather than imposition of monetary sanctions, is the most appropriate sanction under these circumstances. It is unlikely that imposition of a financial penalty will coerce plaintiff to further pursue his own case. Moreover, the court informed plaintiff in its order to show cause that "[f]ailure to file an opposition or a statement of non-opposition will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed."

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to prosecute and failure to comply with the federal and local rules of court. *See* Fed. R. Civ. P. 41(b); E. D. Cal. L. R. 11-110.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

////

////

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE